UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BRIAN E. CRAIG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:15CV1 HEA |
| | ) |
| SCOTLAND COUNTY, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Brian Craig, a civil detainee at Fulton State Hospital, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the filing fee and will grant plaintiff's motion to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it Alacks an arguable basis in either law or fact.@ *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff=d* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, a civil detainee at Fulton State Hospital, brings this action under 42 U.S.C. §1983 for alleged violations of his constitutional rights. Named as defendants are Scotland County, Missouri and Judge Karl DeMarce. The complaint appears to seek monetary relief only.[1]

Plaintiff alleges that in 2010 he was nearing the end of his prison term for sexual assault. In October of 2010, the Circuit Court of Scotland County found probable cause that plaintiff was a sexually violent predator ("SVP") and ordered plaintiff for further evaluation. Plaintiff states that the evaluation, pursuant to the Sexually Violent Predator Act, Mo. Rev. Stat. §§ 632.480 - 632.513 (the "Act"), was improper and unlawful.[2] Plaintiff further alleges that during his trial in probate court in front of Judge DeMarce, he felt like several of his constitutional rights were violated, including his right to due process. Plaintiff believes that some of the testimony and reports allowed in at trial were severely prejudicial to his cause, and he believes that the allowance of such evidence was a violation of his constitutional rights.

## Discussion

The Court finds that plaintiff has failed to state a cause of action because his claims are barred by the principles discussed in *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court reaffirmed the longstanding rule that prohibits a state detainee from challenging the legality of his confinement in a federal civil rights action.

---

[1] The Court notes that plaintiff has filed a habeas petition seeking release from his civil confinement that is currently pending before this Court. *See Craig v. Schafer*, 4:13CV955 NAB (E.D.Mo.).

[2] The authority to conduct an end of confinement evaluation is found in Mo. Rev. Stat. § 632.484.

- 2 -

According to *Heck*, a detainee may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

The Court recognizes, of course, that plaintiff is not presently challenging a state criminal conviction or sentence, and he is confined pursuant to a civil commitment judgment, not a criminal judgment. However, the principles set forth in *Heck* are fully applicable to state detainees who are confined by reason of a civil commitment, rather than a prison sentence. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136-40 (9th Cir. 2005) (holding that *Heck* applies to civilly committed detainees who are confined under California's "Sexually Violent Predators Act"), *cert. denied*, 547 U.S. 1166 (2006); *Banda v. New Jersey Special Treatment Unit Annex*, 164 Fed.Appx. 286, 287 (3rd Cir.) (unpublished opinion) (*Heck* barred civil committed detainee's lawsuit that challenged the legality of his commitment proceedings, "because a favorable outcome would necessarily imply the invalidity of his confinement"), *cert. denied*, 547 U.S. 1183 (2006); *Talbot v Loya*, No. 4:03CV3400 (D.Neb.2005), 2005 WL 2765131 at *2 ("[t]he principles and objectives expressed in *Heck v. Humphrey* apply as well to a person subject to an involuntary commitment as to a convicted prisoner serving a sentence"); *Nelson v. Suire*, No. 4:09CV658 DDN (E.D.Mo. 2009), 2009 WL 1161609 at *2 ("*Heck* applies where a civil detainee challenges an SVP ["sexually violent predator"] determination in a suit for damages"). *See also, Coffman v. Blake*, 156 Fed.Appx. 863 (8th Cir. 2005) (unpublished opinion (affirming dismissal of civil lawsuit brought by committed offender, which included claims barred by *Heck*).

Judgment in plaintiff's favor in this case would necessarily cast doubt on the legality of his current confinement as plaintiff's complaint specifically indicates that he was detained and tried in violation of his constitutional rights. For these reasons, the Court will dismiss this action under 28 U.S.C. ' 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED AS MOOT**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 29th day of January, 2015.

                                            HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE